UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MACY AUTOMOTIVE, INC., et al.,<br><br>Defendants. | Case No. 18-cv-05416-KAW<br><br>**ORDER GRANTING MOTION TO WITHDRAW; DISCHARGING ORDER TO SHOW CAUSE; DENYING MOTION TO APPEAR BY TELEPHONE**<br><br>Re: Dkt. Nos. 36, 40, 42 |

On April 24, 2019, Attorney David M. Sternberg moved to withdraw his firm as counsel for Defendant Macy's Automotive Pro's ("Macy's").[1] (Mot. to Withdraw, Dkt. No. 36; Sternberg Decl. ¶¶ 11, 18, Dkt. No. 40.) The motion to withdraw is based on Defendant Macy's inability to pay for this litigation, as it is no longer in business and has no assets. (Mot. to Withdraw at 2; Morrison Decl. ¶ 3, Dkt. No. 36-1.) The owner of Defendant Macy's has also filed a declaration in support, stating that she "knowingly and freely assent[s] to the termination" of the attorney-client relationship. (Morrison Decl. ¶ 4; *see also* Sternberg Decl. ¶ 8.) Defendant Macy's further states that it does not need time to seek employment of other counsel as there is no money to pay for an attorney to represent the corporation. (Morrison Decl. ¶ 4.)

Having reviewed the filings and the relevant legal authority, the Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b) and GRANTS the

---

[1] The motion originally stated that Attorney Sternberg sought to withdraw from Defendant Macy Automotive, Inc., a party which has never appeared in this case. (Mot. to Withdraw at 1.) The Court then requested clarification as to which party was at issue in the motion. (Dkt. No. 38.) After Attorney Sternberg failed to respond, the Court issued an order to show cause. (Dkt. No. 39.) On May 28, 2019, Attorney Sternberg filed his declaration, stating that the motion to withdraw was as to Defendant Macy's Automotive Pro's only. (Sternberg Decl. ¶¶ 11, 18.) In light of the filing, the Court DISCHARGES the order to show cause.

motion to withdraw. The motion to appear by telephone is DENIED as moot.

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Under California Rule of Professional Conduct 3-700(C), an attorney may request permission to withdraw if "[t]he client knowingly and freely assents to termination of the employment." Cal. Rules of Prof'l Conduct R. 3-700(C)(5). The Court has discretion regarding whether to grant a motion to withdraw, and an attorney's request to withdraw should be denied "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

Here, the Court finds that good cause exists to grant the motion to withdraw. Defendant Macy's has attested that it is unable to pay its legal fees, and that it agrees to terminate the attorney-client relationship with Attorney Sternberg's firm. (Morrison Decl. ¶¶ 3-4.) Further, no opposition to the motion to withdraw has been filed. Finally, there is no showing that withdrawal would work an injustice or cause undue delay, as no case management deadlines have been set and the other remaining Defendant is already in default.

Accordingly, counsel's motion to withdraw is granted, and Attorney Sternberg and his firm are relieved as counsel of record. As a corporate entity, however, Defendant Macy's is unable to represent itself, and it has stated that it will not be seeking other counsel. Plaintiff shall therefore, within **thirty days** of the date of this order, file a motion for entry of default or a status report. The Court encourages the parties to meet and confer regarding potential resolution of this matter.

Additionally, per Civil Local Rule 11-5(b), "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Here, Defendant Macy's does not have counsel and is unable to appear pro se. Therefore, the Court orders that papers continue to be served on Attorney Sternberg, and that

Attorney Sternberg shall forward the documents to Defendant Macy's.

Attorney Sternberg shall file a proof of service that this order has been served on Defendant Macy's within **seven days** of the date of this order.

IT IS SO ORDERED.

Dated: June 4, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge