UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUTOMOTIVE INDUSTRIES PENSION
TRUST FUND; JAMES H. BENO, Trustee;
TOM DILLON, Trustee; DON
CROSATTO, Trustee; JOHN
DIBERNARDO, Trustee; STEPHEN J.
MACK, Trustee; RICH MORALES,
Trustee; RYAN THIBODEAU, Trustee; and
JIM SCHWANTZ, Trustee,

   Plaintiffs,

  v.

MACY AUTOMOTIVE, INC., a California
corporation; MACY'S AUTOMOTIVE
PRO'S, a California corporation; and
DOES 1–10,

   Defendants.

No. C 18-05416 WHA

**ORDER AND INJUNCTION
ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

On December 20, Magistrate Judge Kandis Westmore filed a report and recommendation that plaintiffs' motion for default judgment be granted (Dkt. No. 68). Any objections to Judge Westmore's report and recommendation were due by January 6. As of the date of this order, no objection has been filed. Plaintiffs filed a proof of service showing that it served defendants with a courtesy copy of Judge Westmore's report and recommendation (Dkt. No. 69). On November 7, Judge Westmore held a hearing on the default judgment and defendants failed to appear. This order thus **ACCEPTS AND ADOPTS** the findings in Judge Westmore's report and

recommendation. Plaintiffs' motion for default judgment is **GRANTED**. Doe defendants 1–10 are **DISMISSED**.

Judgment in favor of plaintiffs Automotive Industries Pension Trust Fund, James H. Beno, Tom Dillon, Don Crosatto, John DiBernardo, Stephen J. Mack, Rich Morales, Ryan Thibodeau, and Jim Schwantz, and jointly and severally against Macy Automotive, Inc., and Macy's Automotive Pro's, shall be entered separately in the amount of $370,767.31, consisting of the following: (1) unpaid withdrawal liability in the amount of $258,187.00, (2) liquidated damages in the amount of $51,637.40, (3) interest in the amount of $38,324.70, and continuing to accrue at $49.51 per day, (4) attorney's fees in the amount of $18,840.00, (5) and costs in the amount of $3,778.21. In addition, plaintiffs' request for injunctive relief is **GRANTED** to the following extent: By **MARCH 31, 2020**, Macy Automotive, Inc., and Macy's Automotive Pro's are required to submit to plaintiffs the information they previously requested, including but not limited to all fictitious business names used by defendant Macy, all other trade and/or businesses in which defendant Macy held an interest, lease agreements for defendant Macy, financial statements for defendant Macy, and sale or transference of any assets valued in excess of $20,000.

Still, for a district court's contempt power to apply to its injunctions, defendants must "receive actual notice of it by personal service or otherwise." Rule 65(d)(2). Plaintiffs are thus instructed to provide proper personal service of this order to defendants by no later than **FEBRUARY 27, 2020**. Plaintiffs shall also file a copy of the proof of service by no later than **MARCH 5, 2020**. Only once such service occurs and proof of service is filed will the injunction take effect.

**IT IS SO ORDERED.**

Dated: February 13, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2